FILED IN MY OFFICE
DISTRICT COURT CLERK
6/16/2015 12:54:26 PM
STEPHEN T. PACHECO
Veronica Rivera

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

**BORDER AREA MENTAL HEALTH SERVICES, INC.**

      **Plaintiff,**

**vs.**                             **No.** D-101-CV-2015-01445

**THE STATE OF NEW MEXICO,**
**HUMAN SERVICES DEPARTMENT**
**OF THE STATE OF NEW MEXICO, BRENT EARNEST,**
**CABINET SECRETARY FOR HUMAN SERVICES**
**DEPARTMENT OF THE STATE OF NEW MEXICO,**
**SIDONIE SQUIER, FORMER CABINET SECRETARY**
**FOR HUMANS SERVICES DEPARTMENT OF THE**
**STATE OF NEW MEXICO, MARK PITCOCK,**
**DEPUTY DIRECTOR OF THE MEDICAL ASSISTANCE**
**DIVISION OF THE HUMAN SERVICES DEPARTMENT, and**
**JOHN DOES 1-10, in their individual capacities,**

      **Defendants.**

## COMPLAINT FOR DECLARATORY JUDGMENT, VIOLATION OF 42 U.S.C. § 1983, AND BREACH OF CONTRACT

Plaintiff Border Area Mental Health Services, Inc. (BAMHSI) complains of Defendants as follows:

### The Parties, Jurisdiction, and Venue

1.     BHMHSI is a New Mexico non-profit corporation which provides behavioral healthcare services to New Mexico Medicaid beneficiaries through contracts with the Human Services Department ("HSD"), including a MAD 335 Provider Participation Agreement.

2.     Defendant The State of New Mexico is a party to the MAD 335 Provider Participation Agreement with BAMHSI.

**Exhibit "A"**

3.      HSD is a department of the State of New Mexico and a party to the MAD 335 Provider Participation Agreement with BAMHSI.

4.      Defendant Mark Pitcock was the Deputy Director of the Medial Assistance Division of the New Mexico Human Services Department acting within his scope of employment and under color of state law at all times relevant hereto.

5.      Defendant Brent Earnest was the Deputy Secretary of HSD from March 2011 until his appointment as Cabinet Secretary on December 1, 2014, acting within his scope of employment and under color of state law at all times relevant hereto.

6.      Defendant Sidonie Squier was the Cabinet Secretary for HSD from March 2011 until she resigned effective December 1, 2014, acting within her scope of employment and under color of state law at all times relevant hereto.

7.      Defendant John Does 1-10 were employed by the State acting within the course and scope of their employment and under color of state law at all times relevant hereto. BHMHSI is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as John Does 1-10, and for that reason sues said Defendants, and each of them, by such fictitious names.

8.      The Court, therefore, has jurisdiction over the subject matter and venue is proper in Santa Fe County pursuant to N.M.S.A. § 38-3-1(G).

### General Allegations

***HSD's Suspension of Medicaid Payments to BHMHSI Without a Hearing
and MFCU's Potential Six and a Half Year Investigation Violates BHMHSI's Federal
Statutory Rights Under 42 C.F.R. § 455 And Due Process Rights Under the Fourteenth
Amendment to the United States Constitution***

9.      In February 2013, HSD contracted with Public Consulting Group ("PCG"), an independent contractor, to perform a Medicaid program integrity audit of fifteen behavioral healthcare providers, including BHMHSI (the "Audit").

10.     One of the purposes of the Audit was to determine whether there was evidence that the fifteen providers were committing fraud on the Medicaid program for HSD to make a determination about whether there was a "credible allegation of fraud" in order to justify withholding payments from the providers and referring them to MFCU for criminal investigation under 42 CFR § 455.23(a).

11.     In a June 30, 2013 audit report released to the public on February 27, 2014, the State Auditor found that HSD violated its internal policy on investigations into allegations of Medicaid fraud when HSD's Program Integrity Unit did not conduct the preliminary investigations into the fifteen behavioral healthcare providers, but the Unit's staff signed off on all fifteen referrals to MCFU.

12.     In June 2013, PCG produced a final report detailing the results of each of the fifteen provider audits.  Although PCG determined that all fifteen of the audited providers failed the audit, it nonetheless concluded that there was no evidence of widespread fraud, stating: "PCG's Case File Audit **did not** uncover what it would consider to be credible allegations of fraud, nor any significant concerns related to consumer safety." (Emphasis added.)

13.     HSD rejected PCG's determination that there was no credible evidence of fraud and directed that the above-quoted sentence be removed from the final report (the "Revised PCG

3

Audit"), which was released to the public on January 29, 2015, by the New Mexico Attorney

General, and is available at http://www.nmag.gov/home/2013-behavioral-health-audit.

14.     PCG, in conjunction with HSD, developed a scorecard for each provider, rating

them between 1 ("Compliant") and 4 ("Significant Non-Compliance"), then used the scorecards

to categorize the providers in Risk Tiers from 1 through 4 in the Revised PCG Audit as follows:

15.     1 "Findings that include missing documents, etc." for which PCG recommended

"Provide training and clinical assistance as needed."

16.     2 "Significant volume of findings that include missing documents" for which

PCG recommended "Provide trainings and clinical assistance as needed" and "Potentially embed

clinical management to improve processes."

17.     3 "Significant findings, including significant quality of care findings" for which

PCG recommended "Provider training and clinical assistance as needed," "Potentially imbed

clinical management to improve processes," and "Potential change in management.

18.     4 "Credible Allegations of Fraud" for which PCG recommended "Mandatory

change in management."

19. PCG ranked BAMHSI in Risk Tier 3.

20.     On or about June 21, 2013, Defendants Squier, Earnest, Pitcock and John Does 1-

10, acting under color of state law, made a decision to suspend Medicaid payments to BHMHSI

based upon a "credible allegation of fraud" under 42 C.F.R. § 455.23(a)(1) without properly

determining that there existed a "credible allegation of fraud" against BHMHSI as defined in 42

C.F.R. § 455.2:

> an allegation, which has been verified by the State, from any source, including but
> not limited to the following:…(1)fraud hotline complaints. (2) claims data mining.
> (3) Patterns identified through provider audits, civil false claims cases, and law
> enforcement investigations.  Allegations are considered to be credible when they

4

have indicia of reliability and the State Medicaid agency has reviewed all allegations, facts, and evidence carefully and acts judiciously on a case-by-case basis.

21.    On or about June 21, 2013, HSD referred BHMHSI, along with the other providers, to the New Mexico Attorney General's Medicaid Fraud Control Unit ("MFCU") based on what HSD viewed to be "credible allegations of fraud," despite PCG's findings otherwise.  HSD provided the MFCU with a copy of the Revised PCG Audit and, pursuant to its standard protocol, MFCU accepted the referrals and launched investigations into BHMHSI and the other audited providers.

22.    On or about June 24, 2013, HSD met with all fifteen behavioral healthcare providers, including BHMHSI, and notified them that HSD was going to suspend Medicaid payments to all fifteen providers immediately based upon a "credible allegation of fraud" pursuant to 42 C.F.R. § 455.23(a)(1), as stated in HSD's June 24, 2013 letter to BHMHSI.

23.    HSD's June 24, 2013 letter informed BHMHSI that it could request an "administrative records review" within twenty days of receipt of the letter.  HSD, however, gave BHMHSI no indication of what the "credible allegation of fraud" was or information sufficient for BHMHSI to respond in any meaningful way to investigate, verify, or rebut the allegation, despite that 42 C.F.R. § 455.23(a)(2)(ii) required HSD to "[s]et forth the general allegations as to the nature of the suspension action, but need not disclose any specific information concerning an ongoing investigation."

24.    HSD communicated that it was prohibited from disclosing the specific nature of the allegations against each provider, but that each provider was generally accused of inappropriate use of CPT codes, unbundling of professional services, and the possible use of

deception to obtain an unauthorized benefit from both the Medicaid and SCI programs over a three-year period.

25.     HSD presented each of the fifteen providers with a heavily redacted copy of an audit summary and a letter formally advising them that HSD had made a preliminary determination that there were credible allegations of fraud concerning the provider, that a criminal investigation was pending, and that pursuant to 42 C.F.R. 455.23(a)(1), HSD was suspending payment for services effective immediately.

26.     Each provider was informed that the suspension of payments was "temporary" and would be in effect until (1) prosecuting authorities determined there was insufficient evidence of fraud or alleged fraud or willful misrepresentation by the provider, (2) legal proceedings related to the provider's alleged fraud or willful misrepresentation were completed, or (3) the provider applied for, and received, a "good cause" release of suspended payments.

27.     BHMHSI timely requesting an administrative records review of the Medicaid payment suspension pursuant to 42 C.F.R. § 455.23(a).   Given that HSD provided no information sufficient for BHMHSI to investigate, verify, or rebut the alleged "credible allegation of fraud" forming the basis for HSD's decision to suspend Medicaid payments, BHMHSI could not submit evidence in support of its position.

28.     HSD responded to BHMHSI and advised BHMHSI that its request for a good cause release of suspended payments had been denied.

29.     The federal regulation allowing Medicaid payment suspension upon a "credible allegation of fraud," 42 C.F.R. § 455.23, also requires HSD to provide "administrative review" of a suspension "when state law so requires" pursuant to 42 C.F.R. § 455.23(a)(3).   The

regulation, however, does not define "administrative review," but leaves it to the several States to define the scope of such a review.

30.     The MAD 335 Provider Participation Agreement incorporates the provider's right to administrative review when state law so requires under 42 C.F.R. § 455.23 and that a payment withhold based upon a credible allegation of fraud may only be "temporary."

31.     HSD has not defined "administrative review" in its regulations applicable to Medicaid payment suspensions.

32.     MFCU offered HSD a Medicaid Improvement Recommendation on or about December 23, 2009 in which MFCU identified the lack of a definition for "administrative review" as the term is used in 42 C.F.R. § 455.23 in HSD's own regulations, the conflicting definitions of that term used elsewhere in Title 8 of the New Mexico Administrative Code, and recommended that HSD define "administrative review" for purposes of Medicaid payment suspensions under 42 C.F.R. § 455.23 not to include "provider hearings" under N.M.A.C. § 8.353.2.9.

33.     "Provider hearings" under N.M.A.C. § 8.352.3.9 provide a modicum of due process safeguards in the form of notice of basis for the allegations, evidence to support them, right to counsel, and opportunity to be heard, to Medicaid providers upon certain adverse decisions by HSD, including Medicaid payment suspensions, except "a temporary payment suspension for credible allegations of fraud" under N.M.A.C. § 8.352.3.10(C)(1)(c).

34.     HSD rejected MFCU's recommendation to define "administrative review" as not including "provider hearings" on or about January 21, 2010.

35.     The term "administrative review" as it is used in 42 C.F.R. § 455.23(a)(3), thus, remains undefined under New Mexico law.

36.     As a result, BHMHSI and other Medicaid providers similarly situated are denied basic due process safeguards when HSD decides to suspend Medicaid payments based upon a "credible allegation of fraud" and refers the matter to MFCU.

37.     HSD's suspension of payments to BHMHSI has lasted twenty-three months so far.  Defendant Earnest is aware of the basis for and length of the payment suspension.  As Cabinet Secretary of HSD Defendant Earnest has the discretion to direct HSD to grant BHMHSI a provider hearing and to return the wrongfully suspended payments but has failed to do so.

38.     MFCU's former director, Jody Curran, has stated in an affidavit executed on May 30, 2014, , filed in <u>State <i>ex rel</i> The New Mexico Foundation for Open Government v. Russell</u>, No. D-101-CV-2013-02436, that it could take up to six and a half years to complete the investigations of the thirteen remaining providers, including BHMHSI, who have not been cleared by MFCU.

39.     On November 25, 2013, the Honorable Raymond Ortiz, First Judicial District Court, issued an order in <u>New Mexico Psychiatric Services, Inc. v Human Services Department</u>, No. D-101-CV-2012-02787, in which the Court ruled that HSD's suspension of Medicaid payments to the plaintiff behavioral healthcare provider for eighteen months was not "temporary" as the term is used in 42 C.F.R. 455.23(a)(4) and failure of HSD to grant a "provider hearing" violated the provider's due process rights under the Fourteenth Amendment.

40.     HSD has withheld in excess of $900,000 from BHMHSI for services rendered and billed.

## COUNT I

## DECLARATORY JUDGMENT FOR HSD TO CONDUCT A PROVIDER HEARING

41.     There is a dispute between the parties about whether BHMHSI is entitled to a provider hearing under 42 C.F.R. § 455.23 in connection with HSD's Medicaid payment suspension.

42.     Resolution of the foregoing dispute calls for construction of the laws and regulations of the United States and New Mexico.

43.     The Court, therefore, has jurisdiction to enter a declaratory judgment resolving the foregoing dispute pursuant to the Declaratory Judgment Act, N.M.S.A. § 44-6-13.

44.     The Court further has jurisdiction to grant supplemental injunctive relief under N.M.S.A. § 44-6-9, requiring HSD to comply with 42 C.F.R. § 455.23(a)(3) and grant BHMHSI a provider hearing pursuant to N.M.A.C. § 8.353.2.9.

## COUNT II

### 42 U.S.C. § 1983—VIOLATION OF 42 C.F.R. § 455 AND THE FOURTEENTH AMENDMENT
### BY DEFENDANTS SQUIER, EARNEST, PITCOCK AND JOHN DOES 1-10

45.     BHMHSI has federal statutory rights under 42 C.F.R. § 455 not to have Medicaid payments suspended without a proper determination that there was a "credible allegation of fraud" and for the payment suspension to be "temporary."

46.     BHMHSI has a Fourteenth Amendment-protected property interest in the payments which HSD has been withholding since June 2013.

47.     The payment withhold of twenty-three months so far is not "temporary" as contemplated by 42 U.S.C. § 455.23(c).

48.     Defendants Squier, Earnest, Pitcock and John Does 1-10, acting under color of state law, have violated BHMHSI's federal statutory rights under 42 C.F.R. § 455 and Fourteenth Amendment due process rights by withholding payments without properly determining that there

existed a "credible allegation of fraud" against BHMHSI, and referring BHMHSI to the MFCU, which has caused the payment suspension to last for an indefinite period of time, without giving BHMHSI a full provider hearing.

49.     These Defendants' violation of BHMHSI's federal statutory rights under 42 C.F.R. § 455 and Fourteenth Amendment due process rights have caused BHMHSI damages in an amount to be proven at trial.

**COUNT III**

**BREACH OF CONTRACT BY THE STATE AND HSD**

50.     The MAD 335 Participation Agreement between BHMHSI, the State, and HSD incorporates the provider's right to administrative review when state law so requires under 42 C.F.R. § 455.23 and that a payment withhold based upon a credible allegation of fraud may only be "temporary."

51.     The payment withhold of sixteen months so far is not "temporary" as contemplated by 42 U.S.C. § 455.23(c).

52.     Defendants the State and HSD have breached the MAD 335 Participating Provider Agreement by withholding payments without properly determining that there existed a "credible allegation of fraud" against BHMHSI, and referring BHMHSI to the MFCU, which has caused the payment suspension to last for an indefinite period of time, without giving BHMHSI a full provider hearing.

53.     Defendants' breach of the MAD 335 Participating Provider Agreement has caused BHMHSI damages in an amount to be proven at trial.

WHEREFORE, BHMHSI prays for the following relief:

(1) A declaratory judgment that BHMHSI is entitled to a provider hearing in connection with HSD's payment suspension and a coercive degree requiring HSD to grant BHMHSI a provider hearing;

(2) Supplemental injunctive relief ordering HSD to grant BHMHSI a provider hearing;

(3) A judgment, pursuant to 42 U.S.C. § 1983, in BHMHSI's favor that Defendants Squier, Earnest, Pitcock and John Does 1-10 violated BHMHSI's federal rights under 42 C.F.R. § 455 and Fourteenth Amendment rights, compensatory damages in an amount to be proven at trial, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b);

(4) a judgment in BHMHSI's favor that Defendants the State and HSD breached the MAD 335 Participating Provider Agreement and caused BHMHSI damages in an amount to be proven at trial; and

(6) Any other relief to which BHMHSI is entitled in this action.

Submitted by:

**DAVIS | GILCHRIST | LEE**

By: **"Electronically Filed" /s/ Bryan J. Davis**
        Bryan J. Davis, Esq.
        124 Wellesley Drive SE
        Albuquerque, NM 87106
        Tel:  505-435-9908
        Fax: 505-435-9909
        bryan@dglnm.com

*Attorneys for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/16/2015 12:54:26 PM
STEPHEN T. PACHECO

Veronica Rivera

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

**BORDER AREA MENTAL HEALTH SERVICES, INC.**

      **Plaintiff,**

**vs.**                                                      **No.** D-101-CV-2015-01445

**THE STATE OF NEW MEXICO,**
**HUMAN SERVICES DEPARTMENT**
**OF THE STATE OF NEW MEXICO, BRENT EARNEST,**
**CABINET SECRETARY FOR HUMAN SERVICES**
**DEPARTMENT OF THE STATE OF NEW MEXICO,**
**SIDONIE SQUIER, FORMER CABINET SECRETARY**
**FOR HUMANS SERVICES DEPARTMENT OF THE**
**STATE OF NEW MEXICO, MARK PITCOCK,**
**DEPUTY DIRECTOR OF THE MEDICAL ASSISTANCE**
**DIVISION OF THE HUMAN SERVICES DEPARTMENT, and**
**JOHN DOES 1-10, in their individual capacities,**

      **Defendants.**

## JURY DEMAND

Plaintiff Border Area Mental Health Services, Inc. (BAMHSI) pursuant to Rule 1-038(A) NMRA, hereby requests a jury of six persons on all issues so triable.  Plaintiff has deposited the sum of one-hundred and fifty dollars with the Clerk of Court pursuant to Rule 1-038(C) NMRA contemporaneously herewith.

             Respectfully submitted:

             **DAVIS, GILCHRIST & LEE, P.C.**

             By: **"Electronically Filed" /s/ Bryan J. Davis**
                Bryan J. Davis
                124 Wellesley Dr. SE
                Albuquerque, NM 87106
                Telephone: (505) 435-9908
                Facsimile: (505) 435-9909
                bryan@dglnm.com

**Exhibit "B"**

*Attorneys for Plaintiff BAMHSI*

# ISSUED

| SUMMONS | |
|---|---|
| District Court: **FIRST JUDICIAL** SANTA FE COUNTY, New Mexico<br>Court Address: 225 Montezuma Ave., Santa Fe, NM 87504<br>Court Telephone No.:  (505) 455-8250 | Case Number: **D-101-CV-2015-01445**<br><br>Judge: **FRANCIS J. MATHEW** |
| **BORDER    AREA    MENTAL    HEALTH SERVICES, INC.,**<br>          Plaintiff,<br>v.<br>**THE STATE OF NEW MEXICO, ET AL.**<br>          Defendant. | Defendant<br>Name:  **Susana Martinez, Governor, The State of New Mexico**<br>Address: Office of The Governor, 490 Old Santa Fe Trail, Room 400<br>Santa Fe, NM 87501 |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 19th day of June, 2015.

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
          Deputy

"Electronically Filed"

**/s/ Bryan J. Davis**
Signature of Attorney for Plaintiff
DAVIS, GILCHRIST & LEE, P.C.
124 Wellesley Dr. SE
Albuquerque, NM 87106
Telephone: (505) 435-9908
Facsimile: (505) 435-9909
bryan@dglnm.com

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.**

Exhibit "C"

## RETURN

STATE OF NEW MEXICO  )
                                    )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

     1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

     2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007;  by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/19/2015 8:50:53 AM
STEPHEN T. PACHECO
Victoria Martinez

# ISSUED

| SUMMONS | |
|---|---|
| District Court:  **FIRST JUDICIAL** SANTA FE COUNTY,  New Mexico Court Address: 225 Montezuma Ave., Santa Fe, NM 87504 Court Telephone No.:  (505) 455-8250 | Case Number: **D-101-CV-2015-01445** Judge: **FRANCIS J. MATHEW** |
| **BORDER   AREA   MENTAL   HEALTH SERVICES, INC.,** Plaintiff, v. **THE STATE OF NEW MEXICO, ET AL.** Defendant. | Defendant Name:  **Hector Balderas**, New Mexico Attorney General Address: 408 Galisteo Street Villagra Building, Santa Fe, NM 87501 |

## TO THE ABOVE NAMED DEFENDANT(S):  Take notice that

1. A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2. You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 19th day of June, 2015.

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
Deputy

"Electronically Filed"

**/s/ Bryan J. Davis**
Signature of Attorney for Plaintiff
DAVIS, GILCHRIST & LEE, P.C.
124 Wellesley Dr. SE
Albuquerque, NM 87106
Telephone: (505) 435-9908
Facsimile: (505) 435-9909
bryan@dglnm.com

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.**

# Exhibit "D"

**RETURN**

STATE OF NEW MEXICO   )
                                        )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

     1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

     2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/19/2015 8:50:53 AM
STEPHEN T. PACHECO
Victoria Martinez

# ISSUED

| SUMMONS | |
|---|---|
| District Court: **FIRST JUDICIAL** SANTA FE COUNTY,  New Mexico<br>Court Address: 225 Montezuma Ave., Santa Fe, NM 87504<br>Court Telephone No.:  (505) 455-8250 | Case Number: **D-101-CV-2015-01445**<br><br>Judge: **FRANCIS J. MATHEW** |
| **BORDER AREA MENTAL HEALTH SERVICES, INC.,**<br>　　　Plaintiff,<br>v.<br>**THE STATE OF NEW MEXICO, ET AL.**<br>　　　Defendant. | Defendant<br>Name: **New Mexico Human Services Department**<br>Address: 2009 South Pacheco, 3rd Floor, Santa Fe, NM 87504 |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

1.　A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.　You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

3.　 You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.　If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.　You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.　If you need an interpreter, you must ask for one in writing.

7.　You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 19th day of June, 2015.

"Electronically Filed"

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
　　　Deputy

**/s/ Bryan J. Davis**
Signature of Attorney for Plaintiff
DAVIS, GILCHRIST & LEE, P.C.
124 Wellesley Dr. SE
Albuquerque, NM 87106
Telephone: (505) 435-9908
Facsimile: (505) 435-9909
bryan@dglnm.com

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.**

Exhibit "E"

# RETURN

STATE OF NEW MEXICO   )
                                          )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

     1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

     2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/19/2015 8:50:53 AM
STEPHEN T. PACHECO
Victoria Martinez

# ISSUED

| SUMMONS | |
|---|---|
| District Court: **FIRST JUDICIAL** SANTA FE COUNTY, New Mexico<br>Court Address: 225 Montezuma Ave., Santa Fe, NM 87504<br>Court Telephone No.: (505) 455-8250 | Case Number: **D-101-CV-2015-01445**<br><br>Judge: **FRANCIS J. MATHEW** |
| **BORDER AREA MENTAL HEALTH SERVICES, INC.,**<br>        Plaintiff,<br>v.<br>**THE STATE OF NEW MEXICO, ET AL.**<br>        Defendant. | Defendant<br>Name: **Brent Earnest, Secretary Designee, NM Human Services Department**<br>Address: 2009 South Pacheco, 3rd Floor, Santa Fe, NM 87504 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1.  A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.  You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.  You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.  You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.  If you need an interpreter, you must ask for one in writing.

7.  You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 19th day of June, 2015.

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
          Deputy

"Electronically Filed"

**/s/ Bryan J. Davis**
Signature of Attorney for Plaintiff
DAVIS, GILCHRIST & LEE, P.C.
124 Wellesley Dr. SE
Albuquerque, NM 87106
Telephone: (505) 435-9908
Facsimile: (505) 435-9909
bryan@dglnm.com

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.**

Exhibit "F"

# RETURN

STATE OF NEW MEXICO   )
                      )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

### USE NOTE

      1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

      2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007;  by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/19/2015 8:50:53 AM
STEPHEN T. PACHECO
Victoria Martinez

# ISSUED

| SUMMONS | |
|---|---|
| District Court: **FIRST JUDICIAL** SANTA FE COUNTY, New Mexico<br>Court Address: 225 Montezuma Ave., Santa Fe, NM 87504<br>Court Telephone No.: (505) 455-8250 | Case Number: **D-101-CV-2015-01445**<br><br>Judge: **FRANCIS J. MATHEW** |
| **BORDER AREA MENTAL HEALTH SERVICES, INC.,**<br><br>     Plaintiff,<br>v.<br><br>**THE STATE OF NEW MEXICO, ET AL.**<br><br>     Defendant. | Defendant<br>Name: **Mark Pitcock, Deputy Director**, New Mexico Medical Assistance Division of The Human Services Department<br>Address: 4129 S Meadows Rd., Santa Fe, NM 87507-3095 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 19th day of June, 2015.

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
Deputy

"Electronically Filed"

/s/ Bryan J. Davis
Signature of Attorney for Plaintiff
DAVIS, GILCHRIST & LEE, P.C.
124 Wellesley Dr. SE
Albuquerque, NM 87106
Telephone: (505) 435-9908
Facsimile: (505) 435-9909
bryan@dglnm.com

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.**

**Exhibit "G"**

# RETURN

STATE OF NEW MEXICO   )
                                )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____(*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/19/2015 8:50:53 AM
STEPHEN T. PACHECO
Victoria Martinez

# ISSUED

| **SUMMONS** | |
|---|---|
| District Court: **FIRST JUDICIAL**<br>SANTA FE COUNTY,  New Mexico<br>Court Address: 225 Montezuma Ave., Santa Fe, NM 87504<br>Court Telephone No.:  (505) 455-8250 | Case Number: **D-101-CV-2015-01445**<br><br>Judge: **FRANCIS J. MATHEW** |
| **BORDER AREA MENTAL HEALTH SERVICES, INC.,**<br>        Plaintiff,<br>v.<br>**THE STATE OF NEW MEXICO, ET AL.**<br>        Defendant. | Defendant<br>Name:  **Sidonie Squier, Former Cabinet Secretary**<br>Address: 5823 Walsh Point #301, Santa Fe, NM 87504 |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

1. A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.
2. You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 19th day of June, 2015.

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
Deputy

"Electronically Filed"

**/s/ Bryan J. Davis**
Signature of Attorney for Plaintiff
DAVIS, GILCHRIST & LEE, P.C.
124 Wellesley Dr. SE
Albuquerque, NM 87106
Telephone: (505) 435-9908
Facsimile: (505) 435-9909
bryan@dglnm.com

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.**

**Exhibit "H"**

**RETURN**

STATE OF NEW MEXICO  )
                               )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]